UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

STEPHANIE BUMPASE,                          )
                                            )
        Plaintiff,                          )        Civil No. 5:25-cv-00219-GFVT
                                            )
v.                                          )
                                            )        **MEMORANDUM OPINION**
FRANK BISIGNANO, *Commissioner of*          )               **&**
*Social Security*,                          )        **ORDER**
                                            )
        Defendant.                          )

*** *** *** ***

This matter is before the Court on the Plaintiff's Motion for Attorney Fees. [R. 16.] Plaintiff's counsel seeks an award of attorney's fees under the Equal Access to Justice Act, and the Commissioner has stipulated to the amount sought. For the reasons that follow, the Plaintiff's Motion will be **GRANTED in part** and **DENIED in part**.

**I**

Plaintiff Bumpase filed the Complaint in this action on June 27, 2025, seeking judicial review of the administrative decision denying his claim for supplemental security income. [R. 1.] On February 9, 2026, the Commissioner moved for an order remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [R. 13.] The Court granted this motion on February 10, 2026, and reversed and remanded the matter for further administrative proceedings. [R. 14; R. 15.] Bumpase filed the instant Motion for Attorney's Fees on May 11, 2026. [R. 16.]

**II**

This motion is timely. Based on the Court's previous sentence four remand in this action, Bumpase satisfies the "prevailing party" criteria and is entitled to a fee award. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Although the Commissioner joins this motion, and although

the parties have entered a stipulation agreeing on a fee award, "it is incumbent on the Court to examine the fee to be awarded for reasonableness." *Collins v. Dudek*, 2025 U.S. Dist. LEXIS 279063, at *1-2 (E.D. Ky. Mar. 3, 2025) (citing 28 U.S.C. § 2412(d)(2)(A)).  A district court determining a fee award should "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

"The Equal Access to Justice Act (EAJA) directs a court to award 'fees and other expenses' to private parties who prevail in litigation against the United States if, among other conditions, the position of the United States was not 'substantially justified.'" *Commissioner, INS v. Jean*, 496 U.S. 154, 155 (1990); 28 U.S.C. § 2412(d)(1)(A).  The EAJA's purpose is to incentivize challenging unreasonable government action by removing financial obstacles that would otherwise preclude such litigation. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445-46 (6th Cir. 2009).  After determining that a party is eligible for EAJA fees, the Court looks to "the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016).  This lodestar method reflects "the number of hours billed and a reasonable hourly rate."  *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

## A

The EAJA imposes a statutory cap of "$125 per hour" on the rate used to calculate the attorney award "unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  Where a plaintiff seeks to exceed this cap, they "bear the burden of producing appropriate evidence" to support their position. *Bryant*, 578 F.3d at 450.  This burden is satisfied where they "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

2

experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). In determining the prevailing rate in the community, "[t]he relevant community, although a somewhat fluid concept, has been defined as the same metropolitan area as the one in which the case was brought." *Kalar v. Astrue*, 2012 U.S. Dist. LEXIS 97559, at *2 (E.D. Ky. July 13, 2012) (citing *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)). "If a plaintiff cannot make this showing, the district court need not consider whether the cost of living may have increased since the EAJA became law. *Lay v. Astrue*, 2012 U.S. Dist. LEXIS 169501, at *12 (E.D. Ky. Nov. 29, 2012); *see also Wilcox v. Astrue*, 2011 U.S. Dist. LEXIS 147712, at *3 (E.D. Ky. Dec. 23, 2011) ("[T]his Court has consistently required a showing that the prevailing market rate is higher than the statutory cap under EAJA not just a showing that the cost of living has increased since the EAJA was enacted").

The relevant geographic area for the instant analysis is the Lexington-Fayette metropolitan area. Here, Plaintiff seeks attorney's fees at the rate of $255.90 per hour. [R. 17 at 2.] In support of this, Bumpase presents the Consumer Price Index for this region as reported by the Bureau of Labor and Statistics, as well as the formula used to support her rate calculation. [R. 17-2.] In light of the foregoing, the Court finds that Bumpase sufficiently supported her request for an upward variance from the statutory hourly cap for attorney's fees. Bumpase provided Bureau of Labor Statistics data to support her rate calculation, which satisfies the standard that the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450. Accordingly, the Court finds that an hourly attorney rate of $255.90 is reasonable.

Next, the Court will address whether to accept or modify Plaintiff's proposed 20.6 work hours. The Supreme Court cautions that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

3

unnecessary, just as a lawyer in private ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.  At bottom, an award of attorney fees must be "reasonable." 28 U.S.C. § 2412(d)(2)(A).  A request for fees must include "an itemized statement from any attorney … representing or appearing on behalf of the party stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).

Here, Bumpase's attorney claimed 20.6 hours of attorney time. [R. 17-1 at 2.]  Even though this case was reversed and remanded to the Commissioner upon an unopposed motion, the Court still finds that the hours claimed are reasonable.  Despite the remand, the Plaintiff had already submitted a timely brief to the Court which undoubtedly contributed to the Commissioner's ultimate decision to seek remand. [*See* R. 10.]  Bumpase has provided the time sheets which provide a detailed overview of hours spent. [R. 17-1.]  Further, the Commissioner raises no objection to the calculation. [R. 18.]  Consequently, the Court finds the 20.6 work hours claimed by Bumpase to be reasonable.

**B**

Plaintiff also claims 1.3 hours of work, at a rate of $125.00 per hour for paralegal services. [R. 17-1 at 3.]  Paralegal fees are only recoverable under the EAJA "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client.  *Whitaker v. Kijakazi*, 2022 U.S. Dist. LEXIS 146739, at *8 (E.D. Ky. Aug. 17, 2022).  "In other words, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id*. (quoting *Echols v. Express Auto, Inc.*, 857 F. App'x 224, 229 (6th Cir. 2021)).  Even though the Commissioner consents to the proposed fee, the Court nevertheless takes several minor issues with the claimed amount and will reduce the award accordingly.

4

First, the proposed paralegal rate of $125 per hour is slightly above the rate generally proscribed in the Eastern District of Kentucky. Plaintiff submitted no documentation to suggest why this increased amount is appropriate under the circumstances. The Court has reviewed the practice of awarding paralegal fees in this District and concludes that an hourly rate of $100 for paralegal work is more appropriate. See e.g., *Whitley ex rel. S.B. v. SSA*, 2026 U.S. Dist. LEXIS 66966, at *15 (E.D. Ky. Mar. 30, 2026). Thus, the Court concludes that any paralegal fees awarded should be awarded at the rate of $100 per hour, pursuant to the consistent practice of this District.

Additionally, the Plaintiff seeks 0.5 hours of paralegal time for EAJA preparation. [R. 17-1 at 3.] These are clerical or secretarial tasks. See *Plotecher v. Comm'r of Soc. Sec.*, No. 2:18-cv-00010, 2019 U.S. Dist. LEXIS 244769, at *8 (W.D. Mich. Oct. 1, 2019) (finding that "preparing initial EAJA documents" is "more properly considered clerical or secretarial and is not compensable"). Accordingly, the Court will strike these 0.5 hours of paralegal time but otherwise awards the paralegal hourly fee as $100 per hour.

### C

In sum, based on an hourly attorney fee rate of $255.90 and a total of 20.6 hours, and an hourly paralegal fee rate of $100.00 and a total of .8 hours (1.3 requested hours minus 0.5 clerical hours), this sets the lodestar at $5,351.54. The Court finds that the lodestar amount is reasonable in this case. See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.").

Furthermore, Plaintiff has executed an assignment purporting to assign any EAJA fees she is awarded to her attorney. [R. 17-3 at 2.] The Plaintiff represents that she has assigned her

5

right to EAJA fees to her attorney, and does not owe any debt that is subject to a government offset under the Treasury Offset Program; however, the Commissioner has not agreed to this condition and asked that the fees be paid to the Plaintiff. *See* 31 U.S.C. § 3716(c)(3)(A); [R. 18.] Accordingly, if, after receiving the Court's order, the Commissioner determines that the Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, the defendant may make fees payable to the Plaintiff's attorney.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion **[R. 16]** is **GRANTED in part** and **DENIED in part**;

2. Plaintiff Bumpase is **AWARDED** 20.6 hours at $255.90 per hour in the amount of $5,271.54 for attorney's fees under 28 U.S.C. § 2412(d);

3. Plaintiff Bumpase is **AWARDED** 0.8 hours at $100.00 per hour in the amount of $80.00 for paralegal services;

This the 4th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge